We'll move on to the second case set for argument United States v. Osse case number twenty two dash three zero one three five two dash three zero one three five Mr. McCann morning your honors may it please the court counsel Marv McCann on behalf of the defendant it's Daniel Osse um in this case isn't super complicated I don't believe I would like to reserve a few minutes of argument for rebuttal um I initially wanted to address the standing question because I think that'll go a little quicker uh clearly Mr. Osse locked the vehicle when he parked it lawfully in the alley uh his belongings were inside I think that's a reasonable expectation of privacy that society is prepared to recognize and with that I believe he has standing to challenge the search um the primary question before the court is the reasonable objectiveness was he parked in like a valid spot where it was permissible to leave cars for a period of time it wasn't like it was parked in some place that was unlawful uh it was parked behind a strip mall in a gravel kind of area behind the strip mall but wasn't blocking the alley and there was no no parking signs designating that as a no parking area so it was not obstructing traffic or the alley and was locked your client was um on parole is that correct yes your honor and he had absconded from parole correct that's correct your honor and there was a warrant out for his arrest yes sir um and as a parolee he can be searched or his property can be searched on reasonable cause uh yes your honor Montana the administrative rules don't differentiate between a probation and parole search they're both required to be done on reasonable cause and in this case did the officers consult the parole officer they did and ask for permission to search they did your honor and that's and then he received it from the probate, parole officer and at the time the officers encountered your client he was attempting to enter the back door of a gun shop uh there was a report of an individual trying the back door of a gun shop but then when the officers encountered him he was at the front of the strip mall at a pawn shop and when they approached him he ran yes your honor and you think the search here was unlawful your honor I don't think there was sufficient reasonable cause to search his vehicle and no reasonable nexus between what the officers had in their possession as far as objective facts to the vehicle and I don't think any or half the objective facts presented to the officers weren't presented to the probation officer sorry probation parole officer supervisor Zent when he made the decision um or determination whether or not reasonable cause existed and I think that's the error that the lower court made in her order she specifically referenced the uh facts provided by the officers at the hearing that they observed O.C. and later discovered that he was pawning stolen jewelry with a fake name but officer Zent when he testified about the objective facts that he had that were in his possession when he made the determination whether or not reasonable cause existed he didn't have that he had that the report had come in that the uh uh individual was attempting to the back door of the strip mall and that he fled the area but reasonable cause is like reasonable suspicion it's not like probable cause and so why isn't a report that someone is suspiciously trying to open a back door and then runs from the officer in the front and then from the officer when he gets to the back why isn't that enough reasonable cause to think whoa stop we need to investigate I think it could be in certain circumstances your honor I guess what we're challenging in this situation is that there's not a reasonable nexus to the vehicle I think probation and parole could have found Mr. O.C. but I don't think there was a nexus to the vehicle do you think there was reasonable cause to detain him but not necessarily his vehicle well he was absconded from probation and had a warrant so yes I think that alone would justify his detention I just don't believe there's objective facts that link the vehicle to any search but he just came out of the vehicle so why isn't that reasonable cause to think you know whatever he's up to may be something associated with that in the vehicle and your honor I think that is probation supervisor Zent's opinion that because he was merely well merely because he was absconded from probation they could have searched everything his house, his property, his vehicle gone through everything he had but I don't agree with that and unfortunately in Montana there's a lack of case law on that specific issue but I think the error the lower court made was imputing the facts about the pawning and the jewelry to officer Zent probation supervisor Zent sorry your honor on those two specific objective facts the kind of officer Firebaugh had the hunch that there would be more in the vehicle and that's all that was expressed in the hearing that was all that linked them to that car and officer Zent probation supervisor Zent was not presented with that fact so I don't think he had a nexus to the vehicle and I think the question for the court is whether Montana's reasonable cause requirement also requires reasonable cause for the place to be searched and I think that's what's missing I'm sorry I didn't mean to interrupt you how did the officers know this was his car or his vehicle or the vehicle it turns out someone else's but the vehicle that he had driven up to the mall how did they know that so they had a description from the initial report and the officer that responded to the rear of the strip mall officer Firebaugh just observed the vehicle but the officer that responded to the front of the strip mall officer Puckett observed my client who she knew she actually knew him from school she didn't recall his name they called the registered owner of the vehicle who said where did this happen sorry where did this happen the observation of my client geographically where did this this was in front of the strip mall in what city Billings, Montana okay so a lot of people know each other actually I think they were from a different town I don't recall specifically they're from another neighboring small town but one officer observes him get out of this car and recognizes him from the small town they were both from and what small town was that I don't recall your honor I'm sorry I didn't include that in the facts okay now didn't the officers also determine that this was not his car yes they called the registered owner of the vehicle and learned that it was the registered owner's sister's boyfriend Danny O who possessed the vehicle when they got that information officer Puckett recognized oh that's Daniel Osi from my small town and didn't they confirm that the backpack or whatever it was inside the vehicle did not belong to the owner or any of the permissive users they didn't confirm whether or not it belonged to Mr. Osi they did have the owner on the scene she responded to the scene and she indicated well these are mine but that backpack is not that's not mine okay thank you and your honor I think with that lack of nexus to the vehicle there's not justification for the officers to search that vehicle and there would not have been justification for the officers to search his home probation supervisor Zent feels there was but I think that's wrong and I think it's error for the court to attribute the the objective facts that the officers were aware of to probation supervisor Zent and he clearly stated in his testimony that he was not aware of those facts related to the pawning of the jewelry and the false name do you want to reserve I do your honor thank you thank you your honors may it please the court good morning my name is Tom Godfrey I'm an AUSA with the District of Montana for the United States Mr. Osi was on parole at the time and there are numerous conditions of his parole that aren't just don't commit any new crimes one of the conditions of his parole for instance was to live in an approved residence by probation and parole to give them access to that residence there was a condition regarding him having to maintain employment talk to probation and parole about that employment so I think it's important here not to limit the the probation and parole search only to whether there was reasonable suspicion of a violation of his parole because he had committed a new crime or there was reasonable suspicion well it sounds like counsel's conceding that part of the argument he's saying there's no connection they could have picked him up but they couldn't have connected him to the car and if that's the case your honor then there is reasonable suspicion to search the car because if the only place parole knows that Daniel Osi has been is this car that he's borrowing per the statement remind me what's the evidence that they knew that he had been in the car just because it was parked there and he was found what was the proximity to the car when they found him absolutely your honor he was so initially there's a report that he arrives in the car and tries to get in the back of Beartooth guns then when officers arrive to investigate and officer Firebaugh had seen him earlier at the jewelry store which was next door and remembered that he was there when he responded officer Puckett finds him in front of the strip mall he runs from officer Puckett and he runs in the direction of the car in this alley and then he sees officer Firebaugh next to the car and officer Firebaugh is checking the car getting information for the car and then he turns as soon as he sees officer Firebaugh by the car he's borrowing he takes off on top of that aside from that they contact the registered owner of the car prior to the search who said she that the car was being used by Danny O Daniel Ose in this case so the officers prior to the search had more than ample information that he'd been using this car but I want to go back to was that communicated to the probation officer at the time the request for permission to search was made yes your honor and I also addressing that point would also dispute that the record shows that the probation parole officer wasn't told about the fact that he had been pawning jewelry under a fake name and a fake social security name officer Puckett testified to the court that she had relayed that to probation and parole officers then what probation and parole officers then testified to the court was he didn't remember being told that but the district court clearly credited officer Puckett's testimony that she had told officer Zent that and it makes sense in the context of what had happened here because the officers had gotten all this information prior to calling officer Zent and it also makes sense that officer Zent might not remember that because he had just been told that they had found Daniel Ossie he'd previously fled he was on absconded status and again getting back to my first point if only to search the car that they know he's using the only location that they know he's at to find out where he's living that would be an authorized search of probation and parole because he's in violation of the condition of his parole to let parole know where he's residing and to be in an approved residence do you agree that the parole conditions require reasonable suspicion with respect to the car in order to search the car I do your honor there does have to be a nexus in Montana their probation and parole search conditions to the location to be searched so for example if someone had violated probation and parole by losing their job for instance and there was no reasonable suspicion that evidence of not being in compliance with maintaining their employment would be found in their car probation and parole wouldn't be able to search the car for that but what we have here is someone who but the home is different right isn't that a condition that their home is available to be searched so your honor probation and parole in Montana can do home visits at any time and not search and do surprise inspections and inside if they see evidence of a violation then they could do a search so the home the same condition for automobile home and person all requires reasonable suspicion in Montana it's all the same it's all the same thing exactly someone did someone observe him leave the car when he was first at the area there was a report that this suspect had arrived in the car and was trying to get in the employee entrance of the Beartooth gun store so that was a report of the reporting party I don't believe that the officers physically saw him get out of the car at any point they saw him run to the car and then run away from it and then they had the information from the registered owner that he had borrowed it the officer who recognized Ossie because they were from the same small town yes your honor do you know the name of that town I know I was told it your honor and I don't recall it at this moment I promise you the case will not be decided based upon that and that was officer Puckett who initially saw Mr. Ossie and then chased him to officer Firebaugh and then she testified that she knew him yes your honor she knew him from school and officer Firebaugh knew him from previous interactions in law enforcement so both officers when they saw him recognized him and couldn't remember his name until they heard Danny O from the registered owner and both testified oh it was Daniel Ossie and then they contacted probation and parole but by that time they had already learned that he had sold jewelry to the coin store next door under a fake name and fake social security number so aside from reasonable suspicion which is the simplest way to resolve the case because he was simply absconded they didn't know where he was living they didn't know if he was working all the basic conditions of probation and parole that are violations of his parole that he wasn't in compliance in also justify a search of the car because that's the only place they knew where he was so for mail of where he was living where he was working any of that would be evidence of a violation of his probation condition and so I just again wanted to emphasize that it's not simply that his condition of parole is don't commit new crimes but aside from that even if it were true that there was no nexus to the car for a probation and parole search there simply was probable cause here to search the car under the automobile exception the officers at the time knew that he had borrowed the car from the registered owner that he had sold jewelry under a fake name and fake social security number at Artie's Coins he ran to the car when he was first confronted and then ran away from it when he saw police were already there and that aside from providing reasonable suspicion that he was in violation of don't commit a new crime provision of his probation and parole although you didn't even need to get there right he was already in violation of his parole that's correct your honor it's more to emphasize the fact that the reasonable suspicion is so strong that it would arise even to probable cause under the automobile exception to search the car in this case so again looking at what probation and parole knew in this case they had no idea where he was he previously fled two weeks from law enforcement and the only place that they knew where he had been was this car that he was using and if only aside from getting into how they knew he wasn't you know they had reasonable suspicion that he was committing new crimes to show where he was living residing where in the district court's order does it say that the court found that the probation officer was told about the false name and social security number and pawning goods so in the discussion of the fact section your honor the district court also talks about how officer Firebaugh and officer Puckett learned the various things such as that he had pawned the stolen jewelry under a fake name firebaugh found out those details meanwhile Puckett talked to the owner of the vehicle who declined the search and then it says that Puckett contacted the probation officer and informed zent of the recent events correct your honor or what Firebaugh learned as well I think based on the record your honor in terms of how both Firebaugh and Puckett testified that they consulted before talking to probation  that it is clear from the record that officer Puckett had that information and then I note that officer Puckett testified that she relayed that information to officer zent so the record shows she knew that information from officer Firebaugh prior to contacting officer zent and that's ER 7576 your honor but again even aside from that if we take away say that officer zent did not know that that there had been properties pawned under fake name and fake social security number officer zent knew that so it makes perfect sense that officer zent would have immediately thought I'm going to authorize the search of this car because if only to find evidence of where he was living residing it was the only place they knew where he was so there absolutely was reasonable suspicion to search that vehicle for numerous violations of the conditions of his supervision not just the commission of the new crime and I am going to take some time for rebuttal I think the case hinges on the objective facts that were presented to probation supervisor zent and I would like to read I guess just a short exchange between the court this is after testimony was elicited from Mr. Godfrey and myself and the court was asking Mr. zent about some of these questions what page are you going to read from I am looking at excerpts of record page 92 the court asked Mr. zent well I thought you said that officer Puckett you didn't recall her telling you about what Mr. Osi had been doing at Artie's coins and that's in reference to the pawning of the stolen jewelry and using the jewelry  weapon and I received a call that Mr. Osi had been observed trying to enter the back of a building that was the first call from officer Puckett and he had fled the scene at the time but left behind a blue Subaru that he had been driving I don't think that establishes reasonable suspicion that there's contraband or evidence inside that vehicle that would justify a reasonable search but it's connected to him and he's been what would be required then I think there would have to be some nexus to establish that there may be evidence there was no evidence that he'd come from that particular car no your honor okay he acknowledges that he drove the vehicle to the scene secured it and then fled the scene our argument is that there must be a reasonable suspicion reasonable cause to create a reasonable nexus to the vehicle there's very little chance that there would be you know receipts or mail or things like that in the vehicle that would justify the search they knew that he had just received it that morning and they knew that he had just left the car that morning I think the only thing they have that that goes to the car is officer fire boss hunch and I don't think that's sufficient to create a reasonable nexus to the vehicle I think more is required than what they had okay thank you thank you to both council for your arguments in this case and the case is now submitted thank you
judges: HAWKINS, NELSON, COLLINS